IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>)<br>)<br>v. )<br>)<br>)<br>)<br>CHRISTOPHER PAUL, )<br>)<br>Defendant. )<br>) | Case No. 2:07 cr 087<br><br>JUDGE GREGORY L. FROST |

**MOTION OF THE UNITED STATES
FOR PRETRIAL CONFERENCE PURSUANT TO
THE CLASSIFIED INFORMATION PROCEDURES ACT**

The United States of America, by and through its undersigned counsel, hereby invokes

the provisions of Section 2 of the Classified Information Procedures Act (hereinafter "CIPA"),

18 U.S.C. App. III, and requests that this Court hold a pretrial conference to consider matters

relating to classified information that may arise in connection with this prosecution.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney


DANA M. PETERS (0034226)
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Dana.Peters@usdoj.gov

SYLVIA T. KASER (D.C. Bar. 360918)
Trial Attorney
United States Department of Justice
National Security Division
Counterterrorism Section
10TH Street & Pennsylvania Ave., N.W.
Room 1535
Washington, D.C. 20530
(202) 305-9148
Fax: (202) 353-0778
Sylvia.Kaser@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

_____

UNITED STATES OF AMERICA )
                                   )
                                   )
            v. )        Case No. 2:07 cr 087
                                   )
                                   )        JUDGE GREGORY L. FROST
CHRISTOPHER PAUL )
_____)

**ORDER GRANTING PRETRIAL CONFERENCE**

The Motion of the United States for a Pretrial Conference pursuant to Section 2 of the

Classified Information Procedures Act is hereby granted.  The conference will be held before the

undersigned on _____, 2007, at _____ .m.

SO ORDERED.


DATED: _____                _____

                                        HON. GREGORY L. FROST
                                        UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:07 cr 087 |
| | ) | |
| | ) | JUDGE GREGORY L. FROST |
| CHRISTOPHER PAUL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW OF THE UNITED STATES
CONCERNING RELEVANT PROVISIONS OF
THE CLASSIFIED INFORMATION PROCEDURES ACT**

The United States of America, by and through its undersigned counsel, respectfully

submits this memorandum to apprise the Court of the applicability of the Classified Information

Procedures Act, 18 U.S.C. App. III ("CIPA"), to issues involving classified information which

may arise before and during trial, and in support of the motion of the United States for a pretrial

conference to consider such matters pursuant to Section 2 of CIPA.

The United States submits that issues concerning classified information may arise in this

case. At this time, the government expects to make an *ex parte in camera* filing under Section 4

of CIPA that will require a ruling by the Court. Also, in order to fulfill its discovery obligations,

the prosecution has made certain inquiries of other components of the U.S. government and is in

the process of ascertaining how much time will be required to obtain responses. It is possible

that the inquiries will result in identification of classified material that could be subject to

disclosure in advance of trial under applicable rules, statutes and/or case law, although the

Government is not aware of such material at this time.  As a result of these inquiries, there may also be issues with respect to the form of disclosure or whether such material would be disclosed at all or deleted from discovery.  *See, e.g.,* CIPA §§ 4-6.  If it becomes necessary, the government will also seek a Protective Order, governing the handling of any classified information that is disclosed to the defense counsel, under Section 3 of CIPA.  Depending, *inter alia,* upon the resolution of the above-referenced motion and/or discovery issues, if any, the parties or the Court could call for an additional CIPA pre-trial conference pursuant to Section 2, to consider any additional matters related to the motion or other matters related to classified information in this prosecution.

Finally, the Government notes that there is no current need to disclose classified information to cleared defense counsel.  It may be prudent, however, for defense counsel to commence the process for obtaining security clearances, so that if it becomes necessary to disclose classified information to defense counsel, the disclosure and/or the proceedings in this case would not be delayed by the clearance process.  The Government also wishes to make clear that classified information is disclosed only as prescribed by applicable rules, statutes and/or case law, and on a need-to-know basis, so that obtaining a security clearance, in and of itself, does not establish any right of access to classified information on the part of defense counsel.

Accordingly, the United States respectfully requests that the Court schedule a CIPA pretrial conference in order to address the scheduling of discovery and motions deadlines pertaining to classified information.

I.      **DEFINITIONS, PRETRIAL CONFERENCE,  PROTECTIVE ORDERS AND DISCOVERY**

A.      <u>Definitions of Terms</u>.  Section 1 of CIPA defines "classified information" and "national security," both of which are terms used throughout the statute.  Subsection (a) defines "classified information" as "any information or material that has been determined by the United States Government pursuant to an Executive Order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security. . . ."  Subsection (b) defines "national security" as "the national defense and foreign relations of the United States."

B.      <u>Pretrial Conference</u>.  Section 2 provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution."  After such a motion is filed, Section 2 states that the district court "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA.]"

C.      <u>Protective Orders</u>.  Section 3 of CIPA requires the court, upon the request of the United States, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case. . . ."

D.      <u>Discovery of Classified Information by the Defendant</u>.  Section 4 provides, in pertinent part, that "[t]he court, upon sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting the relevant facts that classified information would tend to prove."  Like Rule 16(d)(1) of the

Federal Rules of Criminal Procedure, Section 4 of CIPA provides that the United States may demonstrate, in an *in camera, ex parte* submission to the Court, that the use of such alternatives is warranted.  *United States v. Mejia*, 448 F.3d 436, 457-58 (D.C. Cir. 2006), *cert. denied,* 127 S. Ct. 989 (2007); United *States v. Rezaq*, 156 F.R.D. 514, (D.C. Cir. 1994); *United States v. Yunis*, 867 F.2d 617, 622-23 (D.C. Cir. 1989); *see also United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988) (*ex parte* proceedings under CIPA concerning national security information appropriate where "the government is seeking to withhold classified information from the defendant and an adversary hearing with defense knowledge would defeat the purpose of the discovery rules.").

The legislative history of Section 4 makes clear that the Court may take national security interests into account in determining whether to permit discovery to be denied, restricted or deferred.[1]

## II.    SECTION 5 AND 6 OF CIPA; NOTICE AND PRETRIAL EVIDENTIARY RULINGS

Sections 5 and 6 of CIPA come into play if classified information is provided to, or in the possession of, defense counsel, and defense counsel wishes to disclose it or to cause its disclosure in trial or in pre-trial proceedings.  Under those sections, there are three critical pre-trial steps in the handling of classified information.  First, the defendant must specify in detail the precise classified information he reasonably expects to disclose.  Second, the Court, upon motion of the United States, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance and admissibility of the proposed evidence.  Third, following the Section 6(a) hearing

---

[1]  S. Rep. No. 96-823, 96th Cong., 2d Sess. 6 (1980), *reprinted in* 1980 U.S. Code Cong. & Ad. News at 4300.

and formal findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for classified information that the Court rules is admissible.

A.     The Section 5(a) Notice Requirement.  The linchpin of CIPA is Section 5(a), which requires a defendant who intends to disclose (or cause the disclosure of) classified information to provide timely pretrial written notice of his intention to the court and the United States.  Section 5(a) expressly requires that such notice "include a brief description of the classified information," and the leading case under Section 5(a) holds that such notice "must be *particularized*, setting forth *specifically* the classified information which the defendant reasonably believes to be necessary to his defense."  *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983) (emphasis added); *see also United States v. Yunis*, 867 F.2d at 623 ("a defendant seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused.'"); *United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985)(*en banc*).  This requirement applies to both documentary exhibits and oral testimony, whether it is anticipated to be brought out on direct or cross-examination.  *See, e.g.*, *United States v. Wilson*, 750 F.2d 7 (2d Cir. 1984), *cert. denied*, 479 U.S. 839 (1986); *United States v. Collins*, 720 F.2d 1195 (11th Cir. 1983).

If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) allows the Court to preclude disclosure of the classified information.  Similarly, if the defendant attempts to disclose at trial classified information which is not described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b) of CIPA.  *See United States v. Smith*, 780 F.2d at 1105

("A defendant is forbidden from disclosing any such information absent the giving of notice.");

*see generally United States v. North*, 708 F. Supp. 389 (D.D.C. 1988).

B.     The Section 6(a) Hearing.  The purpose of the hearing pursuant to Section 6(a) of CIPA is "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding."  18 U.S.C. App. III, § 6(a).  The statute expressly provides that if the motion of the United States under Section 6(a) is filed before trial or the relevant pre-trial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] *prior* to the commencement of the relevant proceeding."  Id. (emphasis added).

Section 6(b) of CIPA requires that before any hearing is conducted under subsection (a), the United States must notify the defendant of the hearing and identify the classified information which will be at issue.  If the information was not previously made available to the defendant, the United States may, with the Court's approval, provide a generic description of the material to the defendant.  Thus, as Congress recognized in enacting CIPA, "the Government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the Government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval."[2]

At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, and then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.  *United States v. Smith*, 780 F.2d at 1106; *see*

---

[2]  1980 U.S. Code Cong. & Ad. News at 4301.

-5-

*generally United States v. Yunis*, 867 F.2d at 622.[3]  The Court's inquiry does not end there, however, for under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial."  Id.  The Court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," so that it should be excluded under Rule 403 of the Federal Rules of Evidence.  *United States v. Wilson*, 750 F.2d at 9.  At the conclusion of the Section 6(a) hearing, the Court must state in writing the reasons for its determination as to each item of classified information.

   C. Substitution Pursuant to Section 6(c).  In the event that the Court rules that one or more items of classified information are admissible, the United States has the option of "substituting" information for the classified information at issue, pursuant to Section 6(c) of CIPA.  The United States may move for permission to provide the defense either a substitute statement admitting relevant facts that the classified information would tend to prove, or substitute summary of the classified information that would otherwise be disclosable.  *See United States v Smith*, 780 F.2d at 1105.  The Court must grant the motion for substitution "if it finds that the admission or summary will leave the defendant in substantially the same position as would disclosure."  *United States v. North*, 910 F.2d 843, 899 (D.C. Cir. 1990).

**III.  OTHER RELEVANT CIPA PROCEDURES**

   A. Interlocutory Appeal.  Section 7(a) of CIPA provides for an interlocutory appeal by the United States from any decision or order of the trial judge "authorizing the disclosure of

---

[3] CIPA does not change the "generally applicable evidentiary rules of admissibility." *United States v. Wilson*, 750 F.2d at 9; *accord United States v. Yunis*, 867 F.2d at 623.  Rather, CIPA alters the *timing* of rulings concerning admissibility, so as to require them to be made before trial.  *United States v. Poindexter*, 698 F. Supp. 316, 318 (D.D.C. 1988); *accord United States v. Smith*, 780 F.2d at 1106.

-6-

classified information, imposing sanctions for nondisclosure of classified information, or refusing a protective order sought by the United States to prevent the disclosure of classified information." The term "disclosure" relates both to information which the court orders the United States to divulge to the defendant as well as to information already possessed by the defendant which he or she intends to make public. Section 7(b) instructs the Court of Appeals to give expedited consideration to any interlocutory appeal filed under subsection (a).

      B.      <u>Introduction of Classified Information</u>. In order to prevent "unnecessary disclosure" of classified information, section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording or photograph. Alternatively, the Court may order into evidence the entire writing, recording or photograph with all or part of the classified information contained therein excised. Excision of such classified information may not be authorized, however, if fairness requires that the whole document, recording or photograph be considered.

      Section 8(c) establishes a procedure for addressing the problems that may emerge during the taking of testimony from a witness who possesses classified information not previously found to be admissible. If the defendant knew that a question or a line of inquiry would result in disclosure of classified information, CIPA mandates that he or she give the United States notice under Section 5 of the Act and Section 8(c), in effect, serves as a supplement to the Section 6(a) procedures, addressing circumstances that might not have been anticipated in advance of the taking of testimony. Thus, upon objection of the United States to a defense question or line of inquiry not covered in a Section 6(a) proceeding, the Court must take suitable action to avoid the improper disclosure of classified information by a witness.

C.        Security Procedures.  Section 9 of CIPA required the Chief Justice of the United States to prescribe security procedures for the protection of classified information in the custody of federal courts.  On February 12, 1981, Chief Justice Burger promulgated these procedures which appear in Title 18 immediately following Section 9.  *See* "Security Procedures Established Pursuant to Pub. L. 96-456, By the Chief Justice of the United States For the Protection of Classified Information" (addendum following CIPA § 9) (hereafter "Chief Justice's Security Procedures").  Under Paragraph 2 of the Chief Justice's Security Procedures, for example, this Court will formally appoint a Court Security Officer.

In addition, pursuant to Paragraphs 4 and 5 of the Chief Justice's Security Procedures, both court personnel (but not justices or judges) and defense counsel are required to obtain security clearances before access to any classified information will be provided.  *See id.,* Para. 4 ("No person appointed by the court or designated for service therein shall be given access to any classified information in the custody of the court unless such person has received a security clearance as provided herein[.]); *United States v. Bin Laden*, 58 F. Supp. 2d 113, 118 (S.D.N.Y. 1999) ("[t]he text and structure of both CIPA and the Security procedures . . . create a presumption that the Court possesses the authority to require defense counsel to seek a security clearance before the Court will provide them with access to classified materials"); *United States v. Al-Arian*, 267 F. Supp. 2d 1258, 1266 (M.D.Fla. 2003) (requiring defense counsel to obtain a security clearance as a prerequisite to access to classified information ).

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court set a CIPA pre-trial conference.

Respectfully submitted,

GREGORY LOCKHART
United States Attorney


_____/s/_____
DANA M. PETERS (0034226)
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Dana.Peters@usdoj.gov


_____/s/_____
SYLVIA T. KASER (D.C. Bar. 360918)
Trial Attorney
United States Department of Justice
National Security Division
Counterterrorism Section
10TH Street & Pennsylvania Ave., N.W.
Room 1535
Washington, D.C. 20530
(202) 305-9148
Fax: (202) 353-0778
Sylvia.Kaser@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2007,  I served by electronic filing (ECF) a copy of the

foregoing Motion of the United States for Pretrial Conference Pursuant to the Classified

Information Procedures Act, and Memorandum of Law of the United States Concerning

Relevant Provisions of the Classified Information Procedures Act on:

Don Wolery, Esq
James Gilbert, Esq.
425 Metro Place North, Ste. 460
Dublin, Ohio 43017

_____/s/_____
Sylvia T. Kaser
Trial Attorney