**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**                        **Case No. 2:07-cr-87**
                                           **JUDGE GREGORY L. FROST**

      **v.**

**CHRISTOPHER PAUL,**

        **Defendant.**

**ORDER**

This matter is before the Court for consideration of Defendant's March 21, 2008 Motion to Translate Documents and Postpone Trial (Doc. # 51) and the government's March 24, 2008 response (Doc. # 54). In his motion, Defendant seeks both a translation of documents into English and a continuance in order to afford defense counsel sufficient time to properly prepare for trial. The government agrees that translation and document review are necessary and will take a significant amount of time.

The Court finds the motion well taken and concludes that the ends of justice served by granting the requested continuance outweigh the best interest of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). In support of this conclusion, the Court sets forth the following findings:

(1) The Court is available to try this case on January 5, 2009, beginning at 9:00 a.m.

(2) Counsel for Defendant has set forth a need for additional time to be properly prepared for trial.

(3) The failure to grant the requested continuance would likely result in a miscarriage of

1

justice in this cause.  18 U.S.C. § 3161(h)(8)(B)(i).

(4)  The unusual and complex nature of this case and the questions of fact and law involved make it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself absent a continuance.  18 U.S.C. § 3161(h)(8)(B)(ii).

(5) Even assuming *arguendo* that this case is not unusually complex so as to fall within 18 U.S.C. § 3161(h)(8)(B)(ii), the failure to grant the requested continuance would deny Defendant's counsel the reasonable time necessary for effective preparation, even taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(8)(B)(iv).

(6) The foregoing considerations are appropriate reasons for granting the requested continuance.  These reasons meaningfully relate to Defendant's opportunity for an adequate defense.

(7) Counsel for the government have no objection to this continuance. A six-month continuance would not impair Defendant's interest in a speedy trial.

(8) The delay occasioned by the continuance is properly excluded from the time limits of the Speedy Trial Act, and Defendant has signed a Waiver of Speedy Trial.  (Doc. # 21.)

Given the enumerated findings, the Court **GRANTS** Defendant's motion for translation and for a continuance.  The Court **VACATES** the May 17, 2007 Order and sets the following revised schedule:

(1) On May 30, 2008 at 8:00 a.m., the Court will conduct an in-chambers status conference.

(2) The parties shall complete non-expert discovery on or before September 8, 2008.

(3) The government shall file any § 4 CIPA motions on or before September 8, 2008.

(4) Defendant shall file any motions to suppress on or before December 8, 2008.  The government shall file any memorandum in opposition by December 22, 2008, and Defendant shall file a reply memorandum by December 29, 2008.  Any motion to suppress shall come on for an oral hearing on January 8, 2009 at 9:00 a.m.

(5) The parties shall complete expert discovery on or before March 13, 2009.

(6) The parties shall file motions *in limine* and jury instructions on or before April 13, 2009.  The parties shall file any memoranda in opposition to motions *in limine* by May 25, 2009. No reply memoranda are permitted.

(7) The parties shall file their exhibit lists and any stipulations before 12:00 p.m. on June 8, 2009.

(8) The final pretrial conference is set for June 8, 2009, at 12:30 p.m. in chambers.

(9) The jury trial shall commence on July 6, 2009, at 9:00 a.m.

The Court notes for the record that the parties are aware of the need to adhere to all provisions of CIPA and that, as previously discussed, the issues of § 5 notice and § 6 determinations shall be addressed again at a future status conference/continued pretrial conference.

**IT IS SO ORDERED**.

       /s/ Gregory L. Frost      
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

3